IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL ROBERT PICKENS, | ) | |
| ID # 2007116, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:17-CV-1328-M (BH) |
| | ) | |
| LORIE DAVIS, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

## I.  BACKGROUND

Paul Robert Pickens (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

## A.    State Court Proceedings

On February 18, 2013, the State indicted Petitioner for capital murder in Cause No. F12-62809 and aggravated assault in Cause No. F12-62811. (*See* doc. 14-1 at 18, doc. 14-19 at 141.)[1] On June 24, 2015, he pleaded guilty to the lesser offense of murder and to aggravated assault under a plea agreement in the 282nd Judicial District Court of Dallas County, Texas, and was sentenced

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to 60 years for the murder and 15 years for the aggravated assault.  (*See* doc. 14-1 at 89, 96; doc. 14-19 at 142, 146.)  He did not appeal the aggravated assault conviction.  *See* www.txcourts.gov.  His appeal of the murder conviction was dismissed for lack of jurisdiction because he had waived his right to appeal.  (*See* doc. 14-2 at 3); *Pickens v. State*, No. 05-15-01099-CR (Tex. App. – Dallas Sept. 17, 2015).  He did not file a petition for discretionary review.  (*See* doc. 10 at 3); *see* www.txcourts.gov (search for Petitioner).

On October 15, 2015, Petitioner filed a federal habeas petition that was denied without prejudice on November 30, 2015, for failure to exhaust state remedies.  *See Pickens v. Stephens*, No. 3:15-CV-3335-M (N.D. Tex. Nov. 30, 2015).

Petitioner's first state habeas applications were signed on February 8, 2016, and received by the state court on February 19, 2016.  (*See* doc. 14-7 at 6, 22; doc. 14-11 at 5, 21.)  On April 6, 2016, they were dismissed as non-compliant with Texas Rule of Appellate Procedure 73.1.  (*See* doc. 14-4; doc. 14-8); *see Ex parte Pickens*, WR-84,862-01 and WR-84,862-02 (Tex. Crim. App. Apr. 6, 2016).  His second state habeas applications were verified on April 20, 2016, and received by the state court on April 29, 2016.  (*See* doc. 14-15 at 4, 19; doc. 14-19 at 4, 19.)  They were denied without written order on July 13, 2016.  (*See* doc. 14-12; doc. 14-16); *see Ex parte Pickens*, WR-84,862-03 and WR-84,862-04 (Tex. Crim. App. July 13, 2016).

### B.    **Substantive Claims**

Petitioner's undated federal habeas petition was received on May 18, 2017.  (*See* doc. 3.)  His amended petition signed on June 12, 2017, and received June 16, 2017, challenges his convictions on the following grounds:

(1) His right to a speedy trial was violated;

2

(2) Counsel was ineffective for failing to advise him that he would be precluded from appealing the speedy trial issue, and, as a result, his guilty plea was involuntary.

(*See* doc. 10 at 6; doc. 11 at 8.)  Respondent filed a response, and Petitioner filed a reply.  (*See* docs. 15, 23.)

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural."  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).  A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case

differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III. SPEEDY TRIAL

Petitioner contends that he was denied a speedy trial.[2] Trial was reset numerous times at the

---

[2] Although Respondent "urges the Court to find [Petitioner's] claims time-barred, as one of [his] claims is unexhausted and procedurally barred and both were waived by his guilty plea," she concedes that "the time-bar is not necessary" for disposition of his claims. (Doc. 15 at 8, n.4.) The one-year limitations period § 2254 is not jurisdictional. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Courts may therefore bypass the timeliness issue when the claims lack merit. *See Petersimes v. Stephens,* No. 3:14-CV-3220-N, 2016 WL 1445226, at *5 (N.D. Tex. Mar. 28, 2016); *White v. Quarterman*, No. 3:06-CV-0849-H, 2008 WL 2221035, at *2 n.2 (N.D. Tex. May 29, 2008).

joint request of the State and Petitioner.  (*See* doc. 14-1 at 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 38, 38, 41, 42, 43, 44, 50, 57, 76, 86.)

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  A defendant's guilty plea waives nonjurisdictional defects, including alleged violations of the right to a speedy trial. *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993).  Petitioner's guilty plea waived his claim of the denial of a speedy trial.  He has not shown that the state court's rejection of this claim was unreasonable.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner contends that counsel was ineffective for failing to advise him that a guilty plea waived the speedy trial issue, which resulted in an involuntary guilty plea.[3]

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. art. VI.  It guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984).  To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687.  A failure to establish either

---

[3] Respondent argues that this claim is unexhausted and procedurally barred.  (*See* doc. 15 at 8.)  "[N]otwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," courts may deny a habeas petition on the merits.  28 U.S.C. § 2254(b)(2); *see also Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998) (reaffirming pre-AEDPA law that "when, as in this case, exhaustion is not waived, courts have the 'discretion in each case [under § 2254(b)(2)] to decide whether the administration of justice would be better served by insisting on exhausting or by reaching the merits of the petition forthwith'").  A court may also deny a claim on its merits in lieu of applying a procedural bar. *See Braswell v. Dretke*, No. 3:02-CV-342-M, 2004 WL 2583605, at *4 (N.D. Tex. Nov. 12, 2004), accepted by 2005 WL 1058865 (N.D. Tex. May 2, 2005).  In this case, the administration of justice would be better served by bypassing the procedural issues and reaching the merits of the claim.

prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v.*

*Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

The *Strickland* test applies in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770–71 (1970)).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

Petitioner does not provide any support for his claim regarding counsel's advice on whether a guilty plea waived the speedy trial issue. "[A]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

Moreover, the plea documents signed by Petitioner informed him that if the punishment assessed did not exceed the plea-bargained punishment, he "may not appeal on any matter in the case unless the Court grants permission for the appeal or the matters appealed were raised by written motion filed and ruled on before the plea." (*See* docs. 14-1 at 96; 14-15 at 93). In a plea bargain

7

case, a defendant can only appeal "matters that were raised by written motion filed and ruled on before trial," or with the trial court's permission. *Ex parte DeLeon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013) (citing Tex. R. App. P. 25.2(a)(2) and Tex. Code Crim. Proc. art. 44.02).

Here, Petitioner did raise the speedy trial issue before his plea by filing two *pro se* motions for speedy trial in the aggravated assault case and one in the murder case, but it does not appear that the court ruled on them.  (*See* doc. 14-19 at 110-114.)  Nor was it required to do so.  A defendant does not have a right to be represented both by an attorney and by himself, and a trial court may disregard a *pro se* motion of a defendant who is represented by counsel. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).  Because his motions were not ruled on before trial, his speedy trial issue was not a matter that could be appealed.  Because he was advised in the plea agreement about his limited right to appeal, he has not shown that his plea was involuntary based on the alleged failure of counsel to advise him that his guilty plea waived his speedy trial issue. Petitioner is not entitled to relief on this claim.

## V.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice.

**SIGNED on this 4th day of January, 2019**.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE