IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL ROBERT PICKENS, <br>     ID # 2007116, <br>         Petitioner, <br> vs. <br> <br> LORIE DAVIS, Director, Texas <br> Department of Criminal Justice, <br> Correctional Institutions Division, <br>         Respondent. | ) <br> ) <br> ) <br> )   No. 3:17-CV-1328-M (BH) <br> ) <br> ) <br> ) <br> )   Referred to U.S. Magistrate Judge <br> ) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Before the Court is the *Petitioner's Motion for Reconsideration*, received on February 5, 2019 (doc. 30). Based on the relevant filings and applicable law, the motion should be liberally construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

**I.  BACKGROUND**

Paul Robert Pickens (Petitioner) filed a 28 U.S.C. § 2254 habeas petition that was received on May 18, 2017, and amended on June 16, 2017. (*See* docs. 3, 10.) On January 4, 2019, it was recommended that the petition be denied. (*See* doc. 27). No objections were filed, and the Court accepted the recommendation and denied the petition on January 24, 2019. (*See* docs. 28, 29).

Petitioner contends that on January 17, 2019, he mailed a motion for a forty-five day extension of time to file his objections to the recommendation. (*See* doc. 30.) No such motion is reflected on the docket. Petitioner seeks reconsideration of the denial of relief and an opportunity to file his objections to the recommendation by February 25, 2019.

## II. FED. R. CIV. P. 59(e)

As noted by the Fifth Circuit, the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba*.". *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* Here, because Petitioner seeks reconsideration of a judgment from a case resolved without a trial within 28 days after its entry, his motion is properly construed as a motion to alter or amend judgment under Rule 59(e). *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."

2

*Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Petitioner's motion is not accompanied by any objections to the recommendation, so he has not provided any basis for setting aside the judgment under Rule 59(e). His motion should therefore be denied.

### III.  RECOMMENDATION

Petitioner's motion for reconsideration should be liberally construed as motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**, but the denial should be without prejudice to the filing of a new post-judgment motion that presents his objections.

**SIGNED this 11th day of February, 2019.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE