IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL ROBERT PICKENS, )<br>    ID # 2007116, )<br>        Petitioner, )<br>vs. )<br> )<br>LORIE DAVIS, Director, Texas )<br>Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>        Respondent. ) | No. 3:17-CV-1328-M (BH)<br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion for Relief from Final Judgment*, received on March 1, 2019 (doc. 32). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

Paul Robert Pickens (Petitioner) filed a 28 U.S.C. § 2254 habeas petition that was received on May 18, 2017, and amended on June 16, 2017. (*See* docs. 3, 10.) On January 4, 2019, it was recommended that the petition be denied. (*See* doc. 27). No objections were filed, and the Court accepted the recommendation and denied the petition on January 24, 2019. (*See* docs. 28, 29).

Petitioner's motion for reconsideration of the judgment was subsequently received on February 5, 2019. (*See* doc. 30). It contended that he mailed a motion for a forty-five day extension of time to file his objections to the recommendation on January 17, 2019, but no motion was reflected on the docket. He sought reconsideration of the denial of relief and an opportunity to file his objections to the recommendation by February 25, 2019. It was recommended that the motion be construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and be denied

on grounds that his motion was not accompanied by any objections, and he did not provide any basis for setting aside the judgment. (*See* doc. 31.) It was also recommended, however, that the denial of the motion be without prejudice to filing a new post-judgment motion that presented his objections. (*See id*.) The recommendation was accepted on March 7, 2019. (*See* doc. 33.)

Petitioner now seeks relief from the judgment under Fed. R. Civ. P. 60(b). He again contends that he mailed his motion for extension of time to file objections on January 17, 2019, but for unknown reasons, it was not received by the Court. He also contends that he mailed his objections on February 3, 2019, and asks that they be accepted and that he be granted relief from the judgment based on mistake or excusable neglect. (*See* doc. 32.) No objections appear on the docket.

## II. FED. R. CIV. P. 60(b)

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3). *See* FED. R. CIV. P. 60(c)(1).

Although Petitioner alleges mistake or excusable neglect and asserts that he has now filed his objections, the docket does not reflect that any objections have been received. As with Petitioner's prior post-judgment motion, he has not presented any objections or otherwise shown that

2

he is entitled to relief rom the judgment under Rule 60(b).  His motion should therefore be denied.

## III.  RECOMMENDATION

Petitioner's *Motion for Relief from Final Judgment* should be **DENIED**, but the denial should be without prejudice to the filing of a new post-judgment motion that presents his objections.

**SIGNED this 11th day of March, 2019.**

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE