IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL ROBERT PICKENS,         )<br>    ID # 2007116,                       )<br>        Petitioner,                    )<br>vs.                                                    )<br>                                   )<br>LORIE DAVIS, Director, Texas         )<br>Department of Criminal Justice,       )<br>Correctional Institutions Division,      )<br>        Respondent.                )  | No. 3:17-CV-1328-M (BH)<br><br><br><br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion for Relief from Final Judgment*, including *Petitioner's Objections to Magistrate's Report and Recommendations*, received on April 18, 2019 (doc. 40). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

Paul Robert Pickens (Petitioner) filed a 28 U.S.C. § 2254 habeas petition that was received on May 18, 2017, and amended on June 16, 2017. (*See* docs. 3, 10.) He claimed that his right to a speedy trial was violated, and that counsel was ineffective for failing to advise him that he would be precluded from appealing the speedy trial issue, resulting in an involuntary guilty plea. (*See* docs. 10 at 6, 11 at 8.) On January 4, 2019, it was recommended that the petition be denied. (*See* doc. 27). No objections were filed, the recommendation was accepted, and the petition was denied on January 24, 2019. (*See* docs. 28, 29).

Petitioner's motion for reconsideration was received on February 5, 2019. (*See* doc. 30). It contended that on January 17, 2019, he mailed a motion for a forty-five day extension of time to

file his objections to the recommendation, but the motion was not reflected on the docket. He sought reconsideration of the denial of relief and an opportunity to file his objections to the recommendation by February 25, 2019. The motion was construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and denied because it was not accompanied by any objections to the recommendation, and did not otherwise provide any basis for setting aside the judgment. The denial was without prejudice to the filing of a new post-judgment motion that presented his objections, however. (*See* docs. 31, 33.)

Petitioner again sought relief from the judgment under Fed. R. Civ. P. 60(b). He again contended that he mailed his motion for extension of time to file objections on January 17, 2019, and he claimed that he had mailed his objections on February 3, 2019. (*See* doc. 32.) The motion was denied because the docket did not reflect any objections, and none were include with the motion, but the denial was again without prejudice to the filing of a new post-judgment motion that presented his objections. (*See* docs. 34, 38.)

Petitioner now seeks relief from the judgment under Rule 60(b) on the basis of mistake, inadvertence, excusable neglect, and fraud. (*See* doc. 40 at 1, 3.) He asserts that his guilty plea was based on an unintelligent waiver of his rights due to ineffective assistance of counsel because counsel failed to advise him that a guilty plea would waive his right to appeal the violation of his right to a speedy trial. (*See id*. at 3.) He also argues that the recommendation erroneously found no merit to his claims of denial of a speedy trial and ineffective assistance of counsel for failure to advise him that his guilty plea would preclude him from appealing the speedy trial issue. (*See id*. at 3-9.) He contends that the recommendation faulted the manner in which he raised the speedy trial issue, i.e., by *pro se* motions, but that no precedent was cited by the respondent or in the recommendation that requires a speedy trial right to be asserted in any particular manner. (*See id*.)

2

Petitioner also requests a certificate of appealability.  (*See id*. at 9-10.)

## II.  FED. R. CIV. P. 60(b)

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. PROC. 60(b)(1)-(6).

### A.     Rule 60(b)(1)

Petitioner's claims of mistake, inadvertence, and excusable neglect arise under subsection (1) of Rule 60(b).  He makes no factual allegations whatsoever to support a finding that the judgment in this case was entered against him on the basis of any of these reasons, however.  (*See* doc. 40 at 1.)  For this reason, relief under this subsection is not warranted.  *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 938 (5th Cir.1999).

### B.     Rule 60(b)(3)

 Petitioner's claims of fraud arise under subsection (3).  "A party making a rule 60(b)(3) motion must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case."  *In re Isbell Records, Inc.*, 774 F.3d. 859, 869 (5th Cir. 2014) (citing *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990) (emphasis, internal quotation and citation omitted).   Petitioner provides no argument, much less clear and convincing evidence, that the

prosecution engaged in fraud or misconduct that prevented him from fully and fairly presenting his criminal case or his § 2254 case. To the extent that he is relying on the fact that his alleged motion and objections were not filed of record in this case, he has not shown that the prosecution had any role in that. He also has provided no evidence that he is entitled to relief from the judgment in his § 2254 case on this basis, especially since he has been afforded an opportunity to submit his objections. Petitioner's motion under Rule 60(b)(3) should be denied.

C. **Rule 60(b)(6)**

Although he does not cite to Rule 60(b)(6), Petitioner's motion may also be liberally construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). The "catch-all" clause of Rule 60(b)(6) is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth factors to consider when evaluating a motion under this clause: (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the

judgment under attack. *Id*. at 402.

Petitioner claims that his plea of guilty was unintelligent or involuntary due to ineffective assistance of counsel because counsel did not advise him that his guilty plea waived his right to appeal the speedy trial issue. To the extent he is seeking to raise a new claim, he appears to rely on the same arguments that he raised in his initial claim that counsel failed to advise him that a guilty plea would preclude him from appealing the speedy trial issue, resulting in an involuntary plea. The plea papers advised him that he could not appeal matters that had not been ruled on before trial; his speedy trial issue was not ruled on before trial because it was raised in *pro se* motions. Because the plea papers informed him about his limited right to appeal, his plea was not involuntary based on counsel's alleged failure to advise him that the guilty plea waived the speedy trial issue. The objection lacks merit for the same reason that denial of relief on his initial claim was recommended. (*See* doc. 27 at 7-8.)

Petitioner's objections to the denial of his speedy trial claim lack merit for the same reason that denial of the initial claim was recommended: the claim was waived by his guilty plea. (*See* doc. 27 at 5), citing *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993) (a defendant's guilty plea waives nonjurisdictional defects, including alleged speedy trial violations). The recommendation also found that a court may disregard a *pro se* motion of a defendant who is represented by counsel. (*See* doc. 27 at 8), citing *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). He has not shown that he was entitled to habeas relief, and he has not shown that he is entitled to relief under Rule 60(b).

### III. CERTIFICATE OF APPEALABILITY

Petitioner asks for a certificate of appealability. He was denied a certificate of appealability when his habeas petition was denied. (*See* doc. 28 at 1-2.) He has not shown that he is entitled to

5

a certificate of appealability under Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) for the reasons stated in the order accepting the recommendation. (doc. 28 at 1-2.) He has not shown (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

## IV. RECOMMENDATION

Petitioner's *Motion for Relief from Final Judgment* should be **DENIED**.

**SIGNED this 27th day of May, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE